## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 899 | **DATE** | 02/19/2008 |
| **CASE TITLE** | Gary E. Widing v. Knowledge Learning Corp. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") [4] and motion for appointment of counsel [5] are both denied.

■[ For further details see text below.]   Notices mailed.

### STATEMENT

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court is required to deny a request to proceed IFP if (1) the allegation of poverty is untrue, (2) the action is frivolous or fails to state a claim, or (3) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see Neitzke*, 490 U.S. at 324.

Although Widing meets the financial requirements for proceeding IFP, Widing's application to proceed *in forma pauperis* must be denied because Widing's complaint fails to state a claim. To state a claim, a party need submit only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This court will dismiss a claim, however, if it fails to give the opposing party fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). In his form complaint of employment discrimination, Widing checked boxes indicating that Knowledge Learning Corp. discriminated against him on the basis of color when Knowledge Learning Corp. did not recall him as a site manager. In the space provided for "facts supporting the plaintiff's claim of discrimination," however, Widing stated merely: "Received a right to sue letter from EEOC, as I was discriminated against." These "facts" cannot be construed in any way to give Knowledge Learning Corp. fair notice of the grounds upon which Widing's claim rests nor do they show that Widing is entitled to relief. To cure this defect, Widing must provide a short, plain statement of the event or events that cause him to believe Knowledge Learning Corp. discriminated against him when it failed to recall him. Accordingly, this court denies Widing's application to proceed *in forma pauperis* at this time and dismisses Widing's complaint without prejudice to Widing's refiling a First Amended Complaint that states a claim upon which relief may be granted. Widing is given leave to file a First Amended Complaint by no later than March 18, 2008.

| | Courtroom Deputy | amm |
|---|---|---|